Good morning. As we did yesterday, I want to note that Judge Greenaway and I are very, very grateful to Judge Lee Rosenthal of the Southern District of Texas for coming and helping us with our work. It's been a challenging sitting, a very, very busy one, and she as a district court judge has plenty of other things to do, especially in Texas with the caseload, but we really appreciate it. It's a great pleasure to be here. Thank you. Thank you. All right. Our first case of the day, counsel Reddy, the case of Doe Vs. Wilmington Housing Authority. Good morning, Your Honors. May it please the court, my name is Francis Pelleci and I represent the appellants, Jane Doe and Charles Doe. I'd like to introduce my associate, Joe Agro, and if I may, I'd like to reserve two minutes for rebuttal. That's great. This appeal concerns only novel state law issues, including fundamental state constitutional rights. Therefore, we have filed a motion for certification to the Delaware Supreme Court for the purpose of having that court address the novel state law issues for which there are no controlling state law cases. Why wouldn't you just bring an action in Delaware State Court? We did, Your Honor. We actually filed this action initially in the Delaware Court of Chancery and our friends for the defendants removed us. But you could do it again. We could file a new action. That's a possibility, Your Honor, but since this case is already pending, we thought it would be more efficient to have that done within the context. Sometimes we find certification isn't really efficient, but we'll see. What was the reason you did not seek certification before the district court ruled? Your Honor, there were two reasons. One, we didn't know until we got the opinion on the motion for summary judgment that the court was not going to apply a state law, that the court below would only rely on federal law. And the second reason is because we thought that it would be more appropriate to have the case. I guess we can rely on just one reason. If I had to give you a second reason, it would be because there wasn't really – we didn't really know at that point that the court wouldn't rely on. So I'm just going to rely on one reason. I should have just said one reason. Of course, can you respond to the case law – and I'm not suggesting it's necessarily in the circuit – but to the case law that looks with some skepticism on litigants who wait until they find out that they've been unsuccessful in the district court before they decide that certification looks pretty good? Your Honor, I'm aware of those cases, but most of those cases that I'm aware of are in other circuits. The Third Circuit cases that we rely on, the Coens case and the Schaefer case, have almost identical procedural histories where a motion for summary judgment was filed, there were federal claims and state law claims, and the issue on appeal was only a state law claim. And in those cases, the court, in particular the Schaefer court, said that just because there was a lot of time and money already spent is no reason why certification should not be granted. Let me ask you this question. Why isn't remand one of the procedural possibilities that makes the most sense for you? Certification, from our standpoint, is we send it into a black hole and it comes back months, years later. The circuit law around the country – I wouldn't say that it's uniform, but there's certainly a lot of support for the notion that with a unique or novel state constitutional issue, that remand makes the most sense. Your Honor, that is an alternative request that we have made, and that would be an alternative that would certainly be acceptable to us, that we have requested in the alternative for this court to remand. And we've cited cases where the appellate court has remanded to the trial court and directed the trial court to either dismiss without prejudice the state law claims, so then we could refile in state court, or to have the trial court remand the case back to state court from whence it came. So we've cited cases where the courts of appeals have done just that. Instead of certifying the issue, they've just remanded it back to state court and either dismissed without prejudice the state law claims or remanded the case back to state court. Although we have case law that, to the extent you haven't sought that in the district court, it's waived. Would you agree? Well, Your Honor, the cases we've cited have, on almost identical procedural grounds, ordered that same procedural posture, to have the trial court remand back to state court, especially when we started in state court. So I'm not sure that we had the opportunity to have the district court in this case remand back to state court, because at that time there were federal substitutions. But you always can, in your motion, or in your paper, say, and in the alternative, if this court decides the issue, the federal issue one way, we suggest remand. Well, in any event. Let me ask you a follow-up on this waiver notion from our circuit. So I think that Judge Rendell's thinking about the New Jersey Turnpike case. Right. Okay, so the New Jersey Turnpike case, as you know, because I'm sure you're up on it, cites to a Seventh Circuit case, international surgeons, which cites to another Seventh Circuit case, Van Harken. And the takeaway from both of those is the language used in New Jersey Turnpike, which is there's an exception absent special circumstances. Now Van Harken talks about unique constitutional claim, and on that basis, Van Harken says we won't exercise supplemental jurisdiction and we'll remand. Would you invoke that reasoning and say, Judge, despite New Jersey Turnpike, this is a special circumstance, and invoke Van Harken? Or do you have another argument? Well, Your Honor, one of the cases we cited, and I'm not sure it was Van Harken, but we cited one case where the proposition that situations like this, where there are novel issues of state law, satisfy the special circumstances test, because there is no other similar state court decision. There is no state court decision on point. And another case that we rely on was the Osterweil case that former, if not former, retired Supreme Court Justice O'Connor, writing for the Second Circuit, dealt with a case very similar to ours where there were two issues on appeal. The only issue for the Court of Appeals in the Second Circuit to address was a state law issue, and that state law issue was not addressed by any of the state law courts. And Justice O'Connor said it's not addressed by any state law courts. The Court of Appeals shouldn't be deciding it because any decision the Court of Appeals made would not be binding on other state courts, so it would be more appropriate to have a state court decide the issue of state. I know it's a little bit different than the remand issue, but they're somewhat related because the end result is the same under both procedures, whether it's certification or remand. May I ask a question that's a follow-up in the same area but not directly related to waiver, and that is whether in order to get the remand result you're advocating in the alternative, would we have to find that the district court abused discretion in deciding the state law issue, or would we have to find that the district court decided the state law issue prematurely at least and reversed the decision on the state law issue? Your Honor, based on the cases that we've cited, I don't think either would be necessary because I think it's just a matter of, and it goes back to your initial question, why didn't we file a motion for certification earlier, until the trial judge rendered his decision on motion for summary judgment, we didn't know that there would be, number one, no more, we didn't know that he would only rely on federal precedent to decide the state law issue. So that's the probably main and maybe even the only reason why we didn't do it earlier. But to get back to your question, I think it's just a matter of now that there is only a state law issue, there is no longer supplemental jurisdiction. So I don't think it was an abuse of discretion. I'm not sure that I agree with that. That is that the court below or this court lacks jurisdiction having obtained it. The question is whether it should, as a matter of discretion, decline to exercise it because it's now the only basis for the only issue presented for decision. That's a much more articulate way to say it. The net result is once the only issue in the case is a state law issue. So the trial judge didn't know that we were only going to appeal state law issues. We just tend to worry when people tell us we don't have jurisdiction. So I should rephrase it. I should rephrase it. You said it much better than I could have said it. Usually when we certify, we have parties before us, and there is a real need to know which way the law is going to come out because it's going to be rise and fall on the issue. And there's a certain urgency to it. Here we have two plaintiffs who don't even have guns, have no gun licenses. And the impact and the urgency, I'm not sure it's there because, as I said, another plaintiff tomorrow could file based upon the Delaware Section 20 in state court and have their rights vindicated there. What's the urgency? I mean, I'm looking at Delaware's own certification provision, and it says urgent. It's urgent. What's the urgency here? Well, Delaware Supreme Court Rule 41 addresses that, Your Honor. And the Rule 41 actually gives two illustrative examples of cases that are both that satisfy the urgent and important requirements under the rule. And the two examples that the rule gives are if it's an issue of first impression, and this is an issue of first impression because no Delaware state court has addressed it, and the other is if it's an important issue of requiring interpretation of the constitutional law or interpretation of the constitutionality of a statute. All right. Well, I see the importance. I'm just not sure of the urgency. Let's get to the merits. What is it that leads you to believe? I mean, we could decide that the district court should have looked at Griffin and not look just at the way the federal court would interpret the provision and still uphold it. I mean, Griffin involved the right to bear arms and had countervailing interests, which is what occurred here, a countervailing interest of the housing authority. How do you think the Delaware Supreme Court could come out differently? What line of reasoning would they apply that you know of that would lead to a different result? Or at least raise a question. Yes, Your Honor, the line of reasoning would start with the text of Section 20 of Article I of the Delaware State Constitution, which by its terms is broader than the Second Amendment. How is it broader that would really impact here? It's broader in the language that says that the right to bear arms to protect the home, to protect oneself and one's family and one's home. So by definition, if you have a right to bear arms to protect yourself and your family, there's nothing limiting that right to the home, whereas the Second Amendment doesn't have that language. Of course, the Supreme Court, I don't think, has yet said that it is limited to the home. That is the Second Amendment of the United States Constitution. It has certainly said that the right to bear arms for self-defense is most acute in the home. That's correct, which by implication means it might be less acute, but still acute in places outside the home. But given that, we have a lease provision that sets forth certain rules that presumably the tenants sign. And do you doubt that there is an interest on the part of the Housing Authority to have common areas free of gun violence or reasonably anticipating the possibility of gun violence? Do you think the Delaware Supreme Court would not recognize that? Your Honor, that is an interest that we have admitted exists. The government has an interest in maintaining safety. We don't believe – it looks like my time is up, Your Honor. Keep going. Put two more minutes, please. Thank you. It doesn't – the answer to your question, the most direct answer, and then I'm happy to supplement it, is that there is already an existing comprehensive federal and state regulatory scheme that addresses that issue. There are very extensive rules and regulations and statutes that govern the use of guns in public areas and in common areas. So the question is – Registration, perhaps. You know, there's certain state regulations, but there really isn't regulation that governs in public areas, is there? For the state, Your Honor? Yeah. Well, there is – to be very specific, if you want to carry a concealed weapon, by example, you have to have a license. And there are certain areas that you're not even allowed to bring a gun, like a school, for example, or a courthouse, for example. So there are very – there are existing regulations that are very specific about what you can do, even if you have a license to carry a gun. But not places, not matter-specific, correct? Well, if a school or a courthouse, I mean, those are specific places. That leaves a vast area unaddressed. It does. But you're not even allowed to carry a gun, concealed, for example, without getting a license, which is very specific in Delaware. It actually requires a judge in Delaware to sign off before you can get a license to carry a gun. But doesn't this speak to why the court trying to opine on what – the district court trying to opine on what the Delaware Supreme Court would do is a risky business? Because – There's no guidance. Just a – the colloquy back and forth is there are a lot of open issues. They could go a lot of different ways. And as Justice O'Connor said, it's a matter that there is no guidance on, so the state court would be the more appropriate court to rule on. And plus, there are plenty of cases where the Delaware Supreme Court has said the Delaware State Constitution provides much broader protection and much more extensive rights than the federal Constitution. That's fine on the right side, but what gives you a basis for saying that they – the Delaware Supreme Court would not recognize the housing authority's interest here? Well, there are two reasons, Your Honor, beyond whatever the constitutional protections might be on. The two arguments we've made in our briefs are that the right of the Wilmington Housing Authority to regulate this area has been preempted. And the second is it's beyond their statutory authority. The statute gives them very enumerated specific rights. And entering the field of firearms regulation is not one of them. Anything else?  Thank you, Your Honor. He said three minutes, right? Thanks. Good morning. My name is Barry Willoughby. I represent the appellees, the Wilmington Housing Authority, and Mr. Fred Purnell. I'm joined by my associate, Lauren Russell, who is here at council table, and Mr. Purnell is also in the front row in the courtroom. Your Honor, I think that what we have here is an attempt by the plaintiffs to really use a legal gambit to deny the court jurisdiction over the state law question. This case did begin in Chancery, as Mr. Pledgey pointed out. It was removed. The plaintiffs filed two amended complaints, both of which raised state law issues. At no time during those proceedings did they ask the state court to certify the question to the Delaware Supreme Court, nor did they say that the court should decline supplemental jurisdiction based on novel issues of state law as they have raised here. So having litigated it that far, they now come to this court, drop their federal claim, and say remand the case or seek certification. But the majority of circuits have said, well, first of all, waiver is discretionary. Correct, Your Honor. But second of all, the majority of circuits that have addressed the issue haven't invoked waiver as an impediment to the losing party below from raising the issue when it comes to the appellate court. So why should we? Respectfully, Your Honor, I believe that the authorities in the Senate do say that, not waiver. I'm not saying it's a legal waiver per se, but special circumstances. Well, you're not arguing waiver then. It sounded like you were arguing waiver. You're not arguing waiver? I'm saying the presumption is that the request would be denied in this circumstance. I think following up on your comments about the New Jersey Turnpike case, I think the court in special circumstances could always choose not to enforce a waiver or to say that there was some other special reason where that should not take place. But I'm not saying it's an absolute legal bar. Well, the Turnpike case says absent special circumstances, and it's invoking a Seventh Circuit case which alludes to another Seventh Circuit case, both of which say or allude to the fact that a state constitutional claim could satisfy and in those cases did satisfy the special circumstance. So is your point that you want to invoke the New Jersey Turnpike and the special circumstance is somehow different than the ones alluded to in those cases? Yes, Your Honor. I think the court certainly has the authority to resolve this matter any way it would like. I mean, obviously, the waiver argument, even if that were to be accepted, would not be binding on the court because the court could always say in those circumstances we're not going to enforce a waiver. What we're saying here is that having litigated this below and all these issues, I disagree with my colleague's statement that the only authorities cited by the state court or by the federal court below were federal authorities. The court analyzed Delaware state law, including Griffin, analyzed Delaware cases, saying that in the absence of Delaware state law, on constitutional issues, we follow federal law. It's very well laid out in the opinion below. It's a half-page discussion, right? I think the state law issues are the last four or five pages of the decision in which the court first laid out the fact that the Delaware Supreme Court has said many times that in the absence of state authority on a constitutional provision, they will look to federal authority. And it also discussed the Griffin case, which I'll discuss in a second. In my mind, it actually supports our case. It's not adverse to it. So, again, I'm not here to say to the court, as the judge pointed out earlier, the court has got bound by some kind of authority. The court obviously has discretion to do what it thinks is appropriate. I'm saying this is not an appropriate case to exercise those special circumstances. They litigated this case below to a fairly well. We took 16 depositions. We went through all that process. We litigated the state court issue. We argued it. And now to come on and appeal and say, well, guess what, we don't like the result, that's almost like seeking an advisory opinion. I mean, they gamble on the result. Then they dismiss their federal claim and come here and say, well, wouldn't it be more efficient to go to Delaware court now? Because if we speak on it, it's not going to be the last word. Someone could bring an action tomorrow, and the Delaware Supreme Court's ruling as to what their Constitution means and the balancing of the interests would clearly be the authority rather than what we say. Two responses, Your Honor. I think that goes back to the urgency issue. There is no urgency here. This case has been in litigation for three years. No other cases have come up. The Delaware constitutional provision has been in effect since 1987. I'm sorry, 1987 is the date. No other cases have been brought. There's no urgency requirement on a remand, though. No, no. You're correct, Your Honor. And so what I'm saying is the lower court decision here is binding precedent in federal court. So if we have another federal claim brought in federal court where the Second Amendment and, for example, the state constitution are raised, certainly that's binding precedent on the Delaware district court. As far as it goes. As far as it goes, correct. And as Your Honor pointed out, if there were to be another circumstance where these plaintiffs or others were to bring a claim raising the Delaware constitutional provision, then the court's decision in this case is persuasive authority for the state court. But it is not binding as the court. Absolutely. Which, to me, counsels not to remand and not to remove the decision because the court has gone through all this process. It certainly looks like a legal gambit. I don't think there's any other way to look at it. So our precedential opinion really should be called a persuasive opinion, not a persuasive opinion. I don't think so, Your Honor, because I think it's binding in federal court. So to the extent there will be another federal claim, that decision would have a binding effect. I was just going back to Your Honor's point about the state law issue. If, in fact, these plaintiffs or any others brought a claim on these issues, the Delaware courts would certainly look to this decision as being persuasive. They would not be bound to follow it, which to me counsels that it should be kept in place. If you don't think that a state constitutional issue of first impression would not fulfill the special circumstance of New Jersey Turnpike, what, in your view, would? Your Honor, we have authority cited below by the district court saying that the state court will follow the federal law on unresolved constitutional questions. So it was not a situation where the court was just coming from no place in writing this decision. It had authorities to rely on. It cited the Griffin case. It cited others. No, I'm sorry. I'm going to interrupt, and I beg your pardon. I must have not stated my question well. I'm going to state it again, hopefully better. My question is this. In New Jersey Turnpike, the exception is absent of special circumstance, right? Yes. And that refers to two Seventh Circuit cases, both of which talk about a special circumstance, the special circumstance being satisfied by a novel state constitutional claim. You've argued that this is distinct from that. I think I understand the argument. But if you do not think that a novel state constitutional issue meets the absent of special circumstance exception in New Jersey Turnpike, then my question to you is what would satisfy the special circumstance? I think there would have to be some urgent need for resolution, some burning issue going on below where the court really needed guidance. But urgency is only a requirement. That's a certification. I understand. I understand, Your Honor. But I'm saying that just the fact there exists an unresolved question of state law, I don't think alone is the only circumstance the court could consider. I think in looking at the special circumstances, you've got to look at the whole set of circumstances below where this was argued and decided by the court. And there is, in fact, no burning issue right now that has to be resolved by the federal court. One question gives me a clue. I'm sorry, Your Honor. And there is another avenue that if, in fact, these plaintiffs or others were to believe that there is some difference, they could always bring a separate claim in state court to resolve that issue. Well, one thing gives me pause is that the Griffin case, which post-dated Heller, does not cite Heller at all and does not employ any analysis regarding the level of scrutiny, which you all devote lots of attention to and everybody is arguing about scrutiny. And Griffin doesn't have any reference at all to federal law or to the analysis that we follow in federal court about strict scrutiny. And, in fact, we can find no Delaware case that really talks about the level of scrutiny. Are we kind of going through kind of a guessing game in saying how the Delaware Supreme Court would be deciding this? I don't think so, Your Honor. What guidance do we have? The Turnbull case, Your Honor, that was cited in the briefing, in that case Vice Chancellor Hartnett sitting by designation of the Delaware Supreme Court. Could you slow down a little bit? I'm having trouble. I'm sorry, Your Honor. Go ahead. The case is the Turnbull case. And in that case was Vice Chancellor Hartnett sitting by designation of the Delaware Supreme Court. There was a constitutional issue raised. And he laid out very clearly the various types of standards used, the rationalization. What provision? That wasn't Section 20. No, no, no. It was not on this provision of the Delaware Constitution, Your Honor. Was it Fourth Amendment? Excuse me? Fourth Amendment, what was it? It was a constitutional claim, federal constitutional claim, in which Vice Chancellor Hartnett laid out the various standards of rationalization, intermediate scrutiny, strict scrutiny. Under the federal constitution? He was raising a federal constitutional claim. Well, we were looking at how they would analyze the state claim. Right. And then in the opinion below, Judge Stark pointed to cases in Delaware saying that in the absence of federal authority, I'm sorry, in the absence of state authority, the state courts will look to federal procedures. Yeah, but we have Griffith. And Griffith is a criminal case involving the Delaware concealed deadly weapon statute. Right. And in that case, the court decided there was an implied exception to a limited extent to carry a concealed deadly weapon in one's home. But it also said that if there's a balancing there, just like the federal courts have said, and that once the police officers there asked the defendant for the weapon, that interest was no longer there. The interest in safety outweighed that. So it was a similar kind of analysis, but it was a criminal case. But the analysis is so different from the way we would have analyzed it. I mean, you'd think they'd have to cite Heller. They didn't even cite Heller. It's very strange. So are you saying that with two questions? First, are you saying that the district court was correct and we can be sort of comfortable in affirming the district court's eerie guess on what the Delaware Supreme Court would do if confronted with the question? Yes, Your Honor. And your basis for that is the combination of Turnbull and Griffith. And the fact that the Delaware courts have been very clear over the years that in the absence of state authority on the Delaware Constitution, they will look to federal authority. And Turnbull is your best authority for that? Your Honor, I think there's another case cited in the district court's opinion that is probably equally strong. And my second question goes back to the combination of certification and remand calculus, and that is does it make a difference that the issues here are, if you will, not limited to resolving a particular dispute of the parties before us, but obviously have broader implications? Your Honor, I think that the dispute being limited to the parties here counsels to keep the decision in place because if, in fact, again, and I know urgency does not address supplemental jurisdiction, but if, in fact, there were some burning issue at the state level that needed to be decided, the plaintiffs here or other plaintiffs are free to bring an action. And again, the district court decision is persuasive authority, but would not impede them in their prosecuting that case at the state level. You know, we have a really long, well-thought-out opinion by the district court. I get that. But the Delaware constitutional issue is discussed in three paragraphs, and all it says is there's nothing in the state, let's look at federal, and let's look at the three Supreme Court precedent, and that's it. I mean, that's not a robust analysis. Well, what the court cited to, as Your Honor indicated, the extensive analysis it made on the intermediate scrutiny issue when it applied that to the state constitution on the opinions that it had already cited about the state courts following federal law in the absence of Delaware authority. So I think that understanding that piece of the opinion is rather short. It certainly incorporates, though, the prior extensive analysis that it did applying intermediate scrutiny. And at this point we have four circuits now who have applied intermediate scrutiny, so I think there's a pretty good guess, as Your Honor pointed out, that the Delaware Supreme Court would follow that same approach. Are there other questions I should be addressing? I have some other comments to make, but I would ‑‑ Feel free to sum up. Okay. Well, from our standpoint at least, this was a very hotly contested case below. I mean, these are plaintiffs that, quite frankly, are straw plaintiffs that were solicited by the NRA to bring this action. It was ‑‑ But if they did have guns, they'd be immediately evicted, right? No, Your Honor. Under the revised policy. We were very careful, Your Honor. When this first came up, the NRA itself sent a letter to Mr. Pernell saying, we think this policy violates federal law. We said, the board had a meeting, and it said, well, at that point McDonald had not been decided. We don't know if it applies or not. We waited for the McDonald decision. The very next day, Mr. Pernell suspended the existing policy. We then went through the process, an extensive process, of trying to balance these rights and to say, you know, in your home, in your apartment, certainly you have that right to have a weapon. But when it comes to a common area, I mean, just imagine the idea of people walking into a TV room, and Delaware's an open carry state. There's no registration requirement for guns, so they can walk around with open guns, and that's legal. And they slap their gun down on the table. I mean, really, that certainly is an interest. Texas gets an unfair rap. Right. I mean, really, and that's true, Your Honor. I mean, that's Delaware law. And I'm being a little facetious, but one of the newspaper reporters reported somebody saying, so does that mean the guy with the biggest gun gets the remote? I mean, really, it's really an abominable situation to put the housing authority in. But what you've just raised, doesn't that raise in your mind the fact that there's an inherent conflict in what Delaware law provides now versus what federal law provides, so that the analysis of the Delaware Supreme Court, I mean, the three of us could all guess right, the three of us could all guess wrong, any permutation of that based on the fact that Delaware could say, well, consistent with our law, our constitutional law should reflect, as you mentioned, the open carry ethos, if you will. And that is clearly in conflict with the federal Supreme Court precedent. So I don't know how we can just say, oh, yeah, Delaware will take care of all this. And I'm not saying that the district court did that blithely. I'm sure there was a lot of thought put into it. But it's hard to say that that would necessarily be the way that Delaware would go, particularly when you've just pointed out this inherent conflict. Well, if you look at the Griffin case, the Griffin case said that it pointed out this open carry issue, but it said with the connection with the concealed deadly weapons statute, there is an applied exception for a weapon in the home, except that that's not an absolute right. When the police officers there asked the defendant if he had a weapon and he denied it, the court said very plainly that the balance shifted. I mean, immediate police officer safety is a huge counterbalancing. I don't know that we can equate that. The other thing is Delaware might require a higher showing of the need for the restriction or actual evidence. And I know there's been an argument between you about what the showing needs to be made. I mean, Delaware, given the open carry, might require a heavier burden of showing that this is the least restrictive, although those, again, are words we talk about in the federal constitution. Again, Your Honor, the cases cited below say that the Delaware Supreme Court would follow federal law in the absence of any binding Delaware precedent. So I think it's a fair inference that the Delaware Supreme Court would follow. But Delaware might say, normally we would. They may not. This is a very different thing. We have a very different provision, et cetera, et cetera. Well, respectfully, Your Honor, I don't think provisions are that different. The only material differences are with respect to hunting and recreation. The other provisions are based on Heller. You can use guns to protect oneself. It says that. One's self can be in a common area, and by its terms, it is broader. And it may say, well, that's no broader, but we don't know that. Well, why don't you sum up your argument? We've given you an extra couple of minutes. Thank you, Your Honor. This is where I believe the case should come out. I mean, this was very hotly contested below. All these issues were argued and raised below. It certainly seems anomalous for the plaintiffs to have never raised this issue below and then come to this court and seek either certification or a remand and say, guess what, now you don't have jurisdiction. Certainly that's going to be an anomalous result. The fact is that the decision below is binding in federal court, so that if we have another federal claim, this decision has value and it would be applicable there. After having litigated that between the parties, that should stand. Now, as Your Honor pointed out, if, in fact, there is some other burning issue, which we have not seen in the 20-some years that this Constitution provision has been around, plaintiffs are free or other parties are free to file an action in state court, and that state court can look at the value of this opinion as precedent and make its own decision. But to simply remand or, you know, otherwise vacate the decision, I don't believe is the appropriate approach. In fact, I think it really almost counsels plaintiffs in this situation to almost gamble and seek an advisory opinion in effect. Although they did bring the action in state court. And we removed it, Your Honor. Exactly. And twice they amended their complaint, twice, each time they specifically raised the Delaware constitutional provision. Well, they figured they were there. Might as well get it all over with, I guess. Respectfully, Your Honor, I mean, they have a right to seek certification there and they have a right to say to the court, we're preserving this argument, but we think you should apply supplemental jurisdiction over it so that we preserve our rights in state court. I get your point. Great. Thank you. Thank you. Cases? Oh, rebuttal? Two minutes? Yes. Thank you. Thank you, Your Honor. I'd like to just mention why these issues are so important. Both the U.S. Supreme Court in Heller and McDonald and this court in Marzarella and related cases recognize that the right to bear arms in self-defense is such a fundamental right that the U.S. Constitution did not grant that right. It merely codified and recognized a preexisting natural right. There are very few rights that enjoy that exalted status and pedigree that the Constitution didn't grant the right that everyone is born with that right. And our view is that just because you're a resident of public housing shouldn't mean that your rights to self-defense are more restricted than the general public. And that is a key part. Are you making a federal constitutional argument or a state constitutional argument? Well, it's the same. That natural right that everyone is born with applies to the state constitution. If it's the same, then we should say to the district court, either we agree with you or we disagree with you. Well, they start out being coextensive, but then the state constitutional right extends it even more broadly. But the beginning part of the right is the same, and then the state constitution in Delaware broadens the right. But the right to self-defense is the same in terms of being a natural right that everyone is born with, and then the state constitution extends it even further. So we should read the section as permissible only to the extent you've been fired upon. You're defending yourself. Well, this court has recognized that the right to bear arms in self-defense in the case of confrontation is part of the natural right. In the Seventh Circuit decision on Moore v. Madigan, Judge Posner explained that confrontations are not limited to the home. And he explained that the – and I just want to mention quickly the Moore v. Madigan case, and if I can just add another 10 seconds because my time is up. If I can't, I'll stop. Well, quickly, 10 seconds would do, but more than that. The Moore v. Madigan case involved an identical situation, involved a statute where someone was allowed to have a gun in their apartment but not in the common areas. And Judge Posner struck that statute down as being unconstitutional. Thank you very much. Under Illinois state law? Under the federal constitution. That was a Second Amendment case. Under the federal Second Amendment. Thank you very much. Thank you. The case is well argued. We'll take it under advisement.